Brockenbrough, J
The first question which this court is called on to decide, in the present case, is that of jurisdiction. According to the allegations of the bill, the plaintiff Fox having obtained his judgment against Ralls, caused an execution to be levied on one of the slaves included in the voluntary deed .of settlement made by Ralls to Harvey for the benefit of Ralls’s wife and children. The sale of the slave was forbidden by Harvey, and the plaintiff Fox indemnified the sheriff, who proceeded to sell the slave, and to pay over to Fox the amount of the execution. The trustee brought his action at law on the indemnifying bond *449 against Fox and liis surety, and pending that suit this hill was exhibited. The charge in the bill is, that the deed of settlement was executed with the express design to defraud the then existing and future creditors of Ralls; and it seeks to vacate the deed. Fox became a creditor subsequent to the time of the execution of the deed; and although the deed appears to have been duly recorded, immediately after its date, yet the plaintiff avers that he had no knowledge of its existence, at the time he became Ralls’s creditor.
It is readily admitted, that fraud is a clear and uncontested subject of jurisdiction for a court of equity, but it is also true, that in many cases it is equally within the jurisdiction of the courts of law, and according to the decisions of this court, as I apprehend them, where a party, whether plaintiff or defendant, is fairly before a court of law, which can give him adequate redress, or enable him to make full defence, he shall not be at liberty to transfer his cause to a different forum. In Tarpley’s adm’r v. Dobyns, 1. Wash. 185. the president says—“ Although the appellant might have resorted to a court of equity, in the first instance, if his case would bear it, it is now too late, after having made his election to take a trial at law.” The election to sue at law was, in that case, made by a plaintiff, who being defeated at law, afterwards attempted to sue in equity. In Long v. Colston, 1, Hen. & Munf. 110. where a defendant at law exhibited his bill of injunction, it was decided, that although on a specific agreement either party has a right to resort to equity to compel a specific performance, yet if one of them elects to sue for damages for an alleged breach of the covenant, the other party has no right to carry him into equity, to compel him to abandon his common law remedy, and to hold him to his remedy for specific performance.
In this case, the two courts had a concurrent jurisdiction: the defence at law might have been as full and ample as the ground of complaint in equity, and to whichever tribunal the right to decide first attached, the other ought not to have intercepted its action. If Fox, when the sale under *450 his excution was forbidden, had not elected to indemnify the sheriff, he might then have resorted to his bill in equity to vacate the deed as fraudulent, and if he could have made out his case, that court would have entertained it, and given him complete redress. But having elected to indemnify, and having received satisfaction of his judgment, notwithstanding the deed, there was no further necessity or propriety in his being an actor in the transaction, if the court of law could enable him to make a complete defence, in the action brought against him on the indemnifying bond. There is no doubt, that he could have done so, if his case would have borne it. The questions on the defence at law, would have been identically those which are now brought before the court of equity. The indebtedness of the settler at the date of the deed, and the degree of it, whether it amounted only to embarrassment, or extended to insolvency, were facts proper to be decided by the jury on the evidence laid before them; and whether those facts made the voluntary deed a fraudulent one, was also a question for them to decide under the instruction of the court. If in the trial which has taken place at law, he has not had the full benefit of that defence, it has been his own fault in endeavouring to take the case from the court of law, to which it at that time properly belonged, and from which it ought not to have been removed. The injunction which was asked for should not have been granted; and the bill might have been demurred to on the ground of jurisdiction. Mitf. Plead. 111. Indeed, it does not appear certain from this record, whether the injunction was granted, or not; for there appears no order for an injunction, and there was a trial of the case at law, and a verdict and judgment: and the averment in the supplemental bill of surprize on that trial, is negatived by the answer of the defendant Harvey, and is not supported by proof. The jurisdiction of the court of equity cannot I think, be sustained, first, because the right to try the case had attached to the court of law, where full defence might have been made; and secondly, because in fact it has been fairly tried by the court of law, and the right decided by the court *451 and jury against Fox. It cannot be right for a party fairly defeated at law, to bring the case before equity, to be tried over again on the same grounds.
The other question discussed at the bar, namely, how far a voluntary deed of settlement on a wife and children made by a man who is alleged to be indebted at the time, is fraudulent as to subsequent creditors, and what is the degree of indebtedness which would render it void, need not now be decided. I think, also, that there is another question in cases of this kind, which was not discussed at the bar, though it was alluded to by one of the counsel. I refer to the influence which our statutes for the recording of deeds, and the last clause of the second section of our statute to prevent frauds and perjuries, may have on the question as to the fraudulency of voluntary deeds against subsequent creditors. Is not the recording of such deeds according to all the requisites of the law, to be deemed constructive notice, so as to be binding on subsequent creditors, in the same manner, and to the same extent, as if they had actual notice of the execution of the deeds ? and if so, are such deeds to be held fraudulent as to them, although they may be clearly so as to prior creditors ? I have referred to the opinions of judge Green, in Land v. Jeffries, 5 Rand. 253. and of judges Carr and Cabell, in Doswell v. Buchanan, 3 Leigh 365. and the law does not seem to be conclusively settled on the subject. I forbear, however, to say any thing on it.
The decree should be reversed, and the bill dismissed.
■ Carr, J.
There were two points argued at the bar: 1. Whether the deed of settlement was fraudulent or not, as to the plaintiff Fox 1 2. Whether under the circumstances, equity had jurisdiction of the matter? I have remarked, that this question of jurisdiction is somewhat ungraciously received by counsel against whom it is urged. It is said to be the resort, where the case has no merits : it is said too, to be always a dangerous objection with this court. It must be admitted, that there are limits to the jurisdiction of courts *452 of equity; and that when they overstep those limits, it is usurpation just as gross as if courts of law were to sustain an action for the specific execution of a contract, or for a legatee against an executor who had not assented to the legacy. Surely, when the question is raised either by plea, answer, or at the hearing, it is a duty imperative on the court, carefully to inquire, whether it has power to act in the case. I might fill a whole page with the names of cases, in which this court has laid down the limits of equity jurisdiction, and declared, that the incroachments of that court ought to be watched with jealousy, and steadily corrected, and that even the consent of parties cannot give jurisdiction. I will not incumber my remarks with this long list of names; but there are some observations of judge Roane in Long v. Colston, which I beg leave to call to my aid; as I think it is too much the fashion of the present day, to treat lightly every attempt to restrain equity within due bounds. In that case, Long sued at law for a breach of covenant, and Colston filed a bill to injoin, offering a specific execution as he understood the contract; but this court decided, that, the common law jurisdiction having attached by Long's suit, Colston could not translate it to another forum, unless he could shew particular equitable grounds of relief. Judge Roane says—“ I will premise, that I highly approve of the jurisdiction of courts of equity on the point in question, as settled by successive and well weighed decisions, so far as it is auxiliary to the jurisdiction of courts of law, and so far as it goes to give to parties who wish it, the specific execution of their agreements. But this jurisdiction must have limits: it ought not to ingulph and destroy the salutary jurisdiction of the common law. I wish not to see this small and precious germ, which, in times not far remote, took root, and was with difficulty nourished, as a wholesome and goodly plant, yielding its friendly aid to the soil on which it grew, now outstrip its proper size, outrage its own nature, and like the famed Upas tree, by its deleterious effluvia, administer death and desolation to all around it. I wish not to yield up every thing to that incroaching jurisdiction, which knows *453 not the inestimable trial by jury, and is blind to the inealeulable superiority of viva voce testimony. If there is advantage arising from the union in this court, of common law and chancery jurisdictions, it is not the least, that such union affords a check against the proneuess of all men in all situations, to advance and extend the sphere of their own authority. Under this organization, this court, taking side with neither of the rival jurisdictions, is free to restrain them both within their proper limits.” In the case before us, an execution was levied on a slave, which ITarvey as trustee claimed: Harvey might have applied to equity to stay the sale, for this court has settled it, that in such kind of property, damages do not compensate; but he satisfied himself with forbidding the sale. An indemnifying bond was given, the slave sold, and Harvey sued for damages on the bond. To this suit, the sole defence of Fox was, that the deed of Ralls conveying the slave to Harvey, was fraudulent. I say, this was the sole defence, as stated in the bill, praying an injunction. There is no appeal to the conscience of the defendants, for a discovery of any of the facts constituting the fraud : on the contrary, the bill sets them out; such as the indebtedness of the grantor; his remaining in possession, and other circumstances, and concludes thus—“ From this, and other facts above stated, all which he expects to make good, your orator insists, that the deed was, in point of fact, and in contemplation of law, executed to defraud existing and future creditors.” Now, I ask, was not this defence just as available, as effectual, as complete, at law as in equity 1 -»1 not fraud a subject triable at law as well as in equity ? ■W»dt not vitiate a deed in the one just as much as in the other j .rum 1 Have not the cases from Twine’s case down, establisheutliis 'I ls it not a rule well established, that where the jurisdiction jg concurrent; and one party has selected his tribunal, the othu- shall not, at pleasure, force him from it 1 and is not this foun&>d in the soundest reason 1 But there is an addition, for it is not, called an amendment, to this bill: it could not correctly, I pres j me, he called an amendment; for such can only be filed by leave of the court, and *454 for this there was no such leave; nor was it sworn to, as the bill was; nor does the record shew us when it was filed ; that it was sometime after the bill, is shewn from the fact, that when the bill was filed, the suit at law was depending, and there had been a judgment before the filing of the addition : indeed, the addition is founded wholly on what took place at the trial, and at the sale of the slave, and does not touch the point of fraud in the deed. This addition speaks of the agency of one Little, and charges that he bought the slave for Harvey, and that he is dead, and the plaintiff thus deprived of evidence; and on this point an appeal is made to the defendants. Now, if this could (as it cannot) give any color to bring the subject of fraud in the deed, before the court of equity, that color is wholly removed by the answers utterly denying the fact of Little's agency, and every thing connected with it; thus leaving the case where it stood before the allegation was made; for it never will be asserted, that a fact alleged as a foundation for jurisdiction, can give such jurisdiction, though the foundation is removed by clear disproof of the fact.
With respect to the question of fraud, though I have examined the cases, and have an impression upon it, I carefully refrain from giving an opinion, because I do not consider the point before us.
Cabell, J.
I am of opinion, that the decree must be reversed, for the want of jurisdiction. It is unnecessary, therefore, to discuss the merits, or to express my present impressions, on the important doctrines of the law, on the subk0^ of voluntary conveyances, in relation to prior or subseiuent creditors.
Brooke, J.
The first question in order,lS the question of jurisdiction. The original bill allege*5 that the plaintiff had entered into an indemnifying bond to the sheriff, who, in consequence thereof, sold the property, and discharged his execution; and that a suit had been brought at law against him on the bond. The statute which requires, in substance, *455 that an indemnifying bond shall be given, was intended to keep these cases out of the courts of equity. Before that statute, the courts of equity were incumbered with these controversies; though it is true the statute does not exclude that jurisdiction altogether. The plaintiff before he entered into the indemnifying bond, might have gone into the court of equity, to remove the deed out of the way of his execution; but having chosen his jurisdiction, by entering into the indemnifying bond, which had the effect of removing the deed out of the way of his execution, having thus himself chosen the jurisdiction of a court of law, waived all pretension for a resort to the jurisdiction of a court of equity, unless he had some defence that could not be made at law. Upon general principles, too, he is not entitled to resort to equity. He alleges, in his bill, that he is sued at law on his bond; and though both courts have concurrent jurisdiction of fraud, unless he had some defence which he could not avail himself of at law, he can have no pretence to bring the plaintiff out of that court into a court of equity. In what is called his additional bill, which is not sworn to, the pretence is, that he wants a discovery from the defendants; but the answers of the defendants afford him no discovery; and without that, the allegations of that bill might have been supported in the court of law, if he had other proof, as fully as in the court of equity.
On the merits, I have a strong impression, that the deed attempted to be impeached, is a valid deed; but I give no opinion on that point.
Tucker, P. concurred. Decree reversed, and bill dismissed.